**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL LEGAL AND POLICY CENTER <br> 107 Park Washington Court <br> Falls Church, Virginia 22046 <br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Avenue, NW <br> Washington, DC  20530 <br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, NATIONAL LEGAL AND POLICY CENTER (NLPC), by undersigned counsel, hereby files this Complaint to seek declaratory and injunctive relief, to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and to enjoin Defendant from withholding from disclosure certain records within the possession and control of Defendant UNITED STATES DEPARTMENT OF JUSTICE ("DOJ").

Among other documents, NLPC seeks disclosure of a withheld two-page agency memorandum that formed the basis of granting a retroactive ethics waiver to Special Counsel Robert S. Mueller, III, on May 18, 2017, the day *after* his appointment on May 17, 2017, which was the day *after* he was interviewed by President Donald J. Trump on May 16, 2017, for the position of the Director of the Federal Bureau of Investigation.  Because the President, the U.S. House of Representatives, and the public have called for the release of the confidential "Mueller Report" (and the Attorney General is preparing to disclose a redacted version on April 18, 2019), the two-page memorandum justifying an ethics waiver to Special Counsel Mueller should be immediately released as well as a matter of law and policy.

1

## JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (Federal question jurisdiction), 2201, and 2202 (Declaratory Judgment Act).

2.  Venue is proper in this district pursuant to Court pursuant to 5 U.S.C. 552 (a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3.  Plaintiff NLPC is a national nonprofit 501(c)(3) public interest organization that promotes ethics in public life through research, investigation, education, and legal action. See generally www.nlpc.org.

4.  Defendant DOJ is an agency of the United States government, headquartered in Washington, D.C.  It has in its possession, custody and control, records to which plaintiff seeks access.

## STATEMENT OF FACTS

### Plaintiff's September 4, 2018 FOIA Request

5.  On September 4, 2018, Plaintiff NLPC submitted a FOIA Request to DOJ requesting all records regarding the May 17, 2017, appointment of Robert S. Mueller, III, to be Special Counsel by Deputy Attorney General Rod Rosenstein under the Special Counsel regulations, particularly relating to a "detailed review of ethics and conflicts of interest issues" required by 28 C.F.R. 600.3(b).  In addition, NLPC requested that the FOIA request be processed on an expedited basis as required by DOJ's FOIA regulation, 28 C.F.R. 16.5(e)(iv), which provides for expedited treatment if the matter is "of widespread and exceptional media interest in which there exists possible questions about the government's integrity that affect public confidence."   See Exhibit 1 incorporated herein by reference.

6.  On September 13, 2018, NLPC received a response from DOJ's Office of Information and Policy acknowledging receipt of the FOIA request, summarily denied the request for expedited processing without stating any reasons, assigned the request to DOJ's "complex track" for processing, and forwarded parts of the request to the Federal Bureau of Investigation (FBI) and the Justice Management Division (JMD).  See Exhibit 2 incorporated herein by reference.

7.  On September 14, 2018, NLPC filed an immediate appeal of the denial for expedited treatment of the FOIA request stating that it was arbitrary and capricious since there was no reason given for the denial.   See Exhibit 3 incorporated herein by reference.

8.  On December 21, 2018, Arthur Gary, the General Counsel of the JMD, responded to that part of the September 4, 2018 FOIA request for documents regarding Mr. Mueller's ethics review, and disclosed a one-sentence Authorization by Associate Deputy Attorney General Scott Schools dated May 18, 2017, the day after Mr. Mueller's appointment, giving Mr. Mueller an ethics waiver under 5 CFR 2635.502(d).  However, Mr. Gary withheld from disclosure the two-page recommendation memorandum in full under FOIA Exemption 5, the deliberative process privilege.  Mr. Gary further advised that an administrative appeal of his decision may be appealed within 90 days.  See Exhibit 4 incorporated herein by reference.

9.  On January 14, 2019, NLPC filed a five-page administrative appeal from that part of the response to the initial FOIA request by JMD that withheld the two-page memorandum recommending an ethics waiver to Special Counsel Mueller.  See Exhibit 5 incorporated herein by reference.

10.  NLPCs administrative appeal noted that press accounts raised possible conflicts with Mr. Mueller's association with his law firm that also represented the President's son-in-law Jared Kushner and Paul Manafort.  Other possible conflicts included an alleged membership dispute

between Mr. Mueller and one of President Trump's Golf Clubs in Virginia to which Mr. Mueller had belonged.  Exhibit 5 at 2.  In addition, Mr. Mueller was interviewed by President Trump on May 16 but was not hired, yet was promptly appointed the very next day which both he and Mr. Rosenstein likely had already agreed to do. Id.

11.  NLPC also noted in its appeal that there was a possible conflict by Mr. Rosenstein himself, in that his recommendation on May 9, 2017, to fire then-FBI Director James Comey for his mishandling of the Hillary Clinton email investigation was used as a pretext by the President for firing Mr. Comey. Mr. Rosenstein was reported in the New York Times to be "shaken" and very upset for being used in this fashion.  Id. at 3.

12.  The ethics waiver exemption granted to Mr. Mueller on May 18, 2017 (Authorization), could only be granted under DOJ regulations if there was a finding that his participation in the Russia election interference investigation "would raise a question in the mind of a reasonable person about his impartiality" 28 C.F.R. 2635.502(d).

13.  According to the regulation cited in the Authorization, 28 C.F.R. 2635,502(d), the grounds for granting a waiver to Mr. Mueller's questionable impartiality may be based on one or more of the following circumstances:

(1) The nature of the relationship involved;

(2) The effect that resolution of the matter would have upon the financial interests of the person involved in the relationship;

(3) The nature and importance of the employee's role in the matter, including the extent to which the employee is called upon to exercise discretion in the matter;

(4) The sensitivity of the matter;

(5) The difficulty of reassigning the matter to another employee; and

(6) Adjustments that may be made in the employee's duties that would reduce or eliminate the likelihood that a reasonable person would question the employee's impartiality.

Id.

14.  Because the two-page recommendation memorandum justifying the ethics waiver was withheld in its entirety, the public does not know which of one or more of the six reasons were invoked to authorize Mr. Mueller's conflicts waiver.

15. The reason or reasons for granting the waiver are inexplicable due to Mr. Rosenstein's testimony before Congress on June 28, 2018, regarding any conflict that Robert Mueller may have had to justify the waiver:

> "**If** there were any conflicts of interest that were brought to our attention, I would discuss with Mr. Mueller, and then **there could be review** within the department, **if there were a credible allegation of a conflict of interest .** . . . And so I'm not aware of any disqualifying conflict of interest."

https://abcnews.go.com/Politics/president-trump-claims-nasty-contentious-relationship-mueller-amounts/story?id=56914885 (emphasis added).   See Exhibit 5 at 3.

In fact, there was a review within the department because there was a reasonable question of Mr. Mueller's impartiality for which a waiver was sought and granted under the ethics regulation.

## CLAIMS FOR RELIEF

### COUNT I
(Failure to Expedite FOIA Request)

20.  Plaintiff realleges paragraphs 1 to 19 of this Complaint as if fully set forth herein.

21.  The denial by DOJ to expedite Plaintiff's FOIA request was *per se* arbitrary, capricious, and contrary to law because no reason was given for the denial.  5 U.S.C. § 552 (a)(6)(E)(iii), "Agency action to deny… a request for expedited processing pursuant to this subparagraph…shall be subject to judicial review...."

## COUNT II
(Failure to Produce Records)

22.   Plaintiff realleges paragraphs 1 to 21 of this Complaint as if fully set forth herein.

23.   Even if DOJ correctly denied expedited treatment, the records requested have not been produced as of this date in violation of FOIA's normal processing time requirements of 20 business days. If there are "unusual circumstances," an agency may extend the time limit by no more than ten working days.  Placing NLPC's request on the "complex" track for processing was arbitrary, capricious, and unreasonable, particularly where the documents requested are small in number, clearly identifiable, of recent vintage, and easily located.  The continued failure to produce the non-exempt records requested for over six months grossly violates the time requirements of 5 U.S.C. § 552 (a)(6)(A)(ii) to provide the documents within the maximum allowed of 30 business days and is arbitrary, capricious, an abuse of discretion and contrary to law.  NLPC has constructively exhausted its administrative remedies and is entitled to file this action.

## COUNT III

(Failure to Produce Mueller's Ethics Waiver Memorandum)

24.   The DOJ response from its JMD on December 21, 2018 (Exhibit 4) to withhold the entire two-page memorandum recommending that Special Counsel Mueller be granted an ethics waiver under Exemption 5 of FOIA is arbitrary, capricious, and contrary to law as further demonstrated in NLPC's January 14, 2019, five-page appeal attached hereto as Exhibit 5 and incorporated herein.

## COUNT IV

(Failure to Respond to NLPC's Administrative Appeal)

23.   Under the provisions of FOIA, 5 U.S.C. § 552 (a)(6)(A)(ii), DOJ had 20 days to respond to NLPC's January 14, 2019, appeal of the decision to withhold the two-page memorandum recommending that Special Counsel Mueller be granted an ethics waiver..

23.   As of this date, it has been over 90 days since the appeal has been filed and DOJ's has yet to respond to NLPC's appeal other than to acknowledge that it was submitted.  DOJ's failure to timely respond to the Plaintiff's appeal violates 5 U.S.C. § 552 (a)(6)(A)(ii), and therefore, Plaintiff has constructively exhausted its administrative remedies and is entitled to file this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and:

(1)  Declare that Defendant's failure to expedite Plaintiff's September 14, 2018, FOIA request was unlawful;

(2)  Declare that Defendant's failure to respond to Plaintiff's FOIA request and produce the records requested was unlawful;

(3)  Declare that Defendant's failure to produce the two-page memorandum justifying Mr. Mueller's ethics waiver was unlawful;

(4)  Declare that Defendant's failure to timely process Plaintiff's administrative appeal of the withholding of the two-page memorandum was unlawful.

(5)  Enjoin Defendant from continuing to withhold non-exempt records responsive to Plaintiff's FOIA request.

(6)  Order Defendant immediately to produce all responsive records improperly withheld

from Plaintiff without further delay or charge, including the two-page memorandum;

(7) Award Plaintiff attorney fees, and other litigation costs reasonably incurred in this

action pursuant to 5 U.S.C. § 552(a)(4)(B); and

(8)  Grant such other relief as may be necessary and appropriate, or as the Court deems

just and proper.

Respectfully submitted,

April 17, 2019

*/s/Paul D. Kamenar*
Paul D. Kamenar
DC Bar No. 914200
1629 K Street, N.W.
Washington, D.C. 20006
301-257-9435
paul.kamenar@gmail.com

Counsel for Plaintiff NLPC

EXHIBIT 1

PAUL D. KAMENAR, ESQ.
1629 K Street, N.W., Suite 300
Washington, D.C. 20006
paul.kamenar@gmail.com
(202) 301-257-9435

September 4, 2018

<u>Via DOJ FOIA online portal and e-mail</u>
Douglas Hibbard
Chief, Initial Request Staff
Office of Information Policy
Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, D.C. 20530-0001

Sarah Isgur Flores
Director, Office of Public Affairs
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Re: <u>FREEDOM OF INFORMATION ACT REQUEST- EXPEDITED PROCESSING
REQUESTED</u>

Dear Mr. Hibbard and Ms. Flores:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. 552, *et seq*. and Justice Department FOIA regulations, 28 C.F.R. 16.1-16.11, the National Legal and Policy Center (NLPC), a nonprofit public interest organization that promotes ethics in public life through research, investigation, education and legal action, hereby requests, through its undersigned counsel, the following documents:

All records, including emails, texts, memoranda, orders, correspondence, and other documents, including all electronic records that provide information relating to any actions taken by the Deputy Attorney General Rod Rosenstein under 28 C.F.R. 600.3 regarding his appointment of Robert S. Mueller, III, as Special Counsel on May 17, 2017.

Specifically, in particular, 28 CFR 600.3 (a) provides that "Special Counsels <u>shall agree</u> that their responsibilities as Special Counsel take first precedence in their professional lives, and that it may be necessary to devote their full time to the investigation, depending on its complexity and the stage of the investigation."

1


EXHIBIT 1

1. Please provide all records reflecting Special Counsel's "agree[ment]" with the responsibilities and time commitment specified in Section 600.3.

In addition, 28 CFR 600.3(b) provides as follows:

(b) The Attorney General shall consult with the Assistant Attorney General for Administration to ensure an appropriate method of appointment, and to ensure that a Special Counsel undergoes an appropriate background investigation and a detailed review of ethics and conflicts of interest issues. A Special Counsel shall be appointed as a "confidential employee" as defined in 5 U.S.C. 7511(b)(2)(C).

2. Please provide all records reflecting the Deputy Attorney General's "consult[ation]" with the Assistant Attorney General for Administration "to ensure an appropriate method of appointment" for Special Counsel Mueller.

3. Please provide all records relating to the "appropriate background investigation" of Special Counsel Mueller.

4. Please provide all records relating to the "detailed review of ethics and conflicts of interest issues" that Special Counsel "under[went]."

5. Please provide all records regarding Mueller's "appointment as a 'confidential employee' as defined in 5 USC 7511(b)(2)(C)."

Because these records are few and readily obtainable since they were created on or about May 17, 2017, this is a "simple" rather than "complex" request and their production should be on a "track one" and thus promptly processed. 28 C.F.R. 16.5(b). Moreover, we hereby request and so certify that this FOIA be expedited and processed within 10 calendar days pursuant to 28 C.F.R. 16.5 (e)(iv) because the records requested are "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."

There can be no doubt that the circumstances surrounding Mr. Mueller's appointment has generated "widespread and exceptional media interest" and that not just "possible questions," but actual questions, have been raised regarding the "government's integrity that affect public confidence."

These questions include, but are not limited to, the lawfulness of his appointment under the Appointments Clause as evidenced by views of scholars, commentators, and ongoing litigation supported by NLPC challenging Mueller's appointment; the timing of his appointment in that he was appointed on May 17, 2017, only one day after he met with the President to be considered as a replacement for James Comey as FBI Director; and his possible "conflict of interests" which have been raised by the President, Members of Congress, and the media. Those conflicts of interest include but are not limited to his close relationship with former FBI Director James Comey fired by the President, a firing which triggered Mueller's investigation, and Mueller's alleged dispute with the President regarding his membership fees at golf club in

Virginia owned by the President. *See* https://www.weeklystandard.com/eric-felten/does-robert-muller-have-a-conflict-of-interest.

If any part of the records requested are withheld under any FOIA exemption, NLPC requests that the non-exempt portion of the document be released and that a *Vaughn v. Rosen* index be prepared to justify the withholding of any documents or portions thereof.

In addition, NLPC requests that any search and copy fees be waived inasmuch as NLPC is a non-profit public interest organization, has written about the Mueller investigation, has supported litigation challenging the constitutionality of his appointment, and will publish on its website and distribute the documents produced to the national media. See www.nlpc.org. The release of these records are in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.

In any event, NLPC is prepared to pay $100 search and copy costs but reserve the right to appeal their imposition.

If you have questions regarding this request, please contact the undersigned by email at paul.kamenar@gmail.com or by cell phone at 202-603-5397 since time is of the essence.

## CERTIFICATION

I hereby certify that this FOIA request satisfies the requirement of expedited treatment pursuant to 28 C.F.R. and should be processed within 10 calendar days pursuant to 28 C.F.R. 16.5 (e)(iv) because the records requested are "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence" and  because they are few in number and readily found.

*/s/Paul D. Kamenar*
Paul D. Kamenar, Esq.
Counsel for NLPC

EXHIBIT 2



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

September 13, 2018

Mr. Paul Kamenar
National Legal and Policy Center
1629 K Street, NW, Suite 300
Washington, DC 20006
paul.kamenar@gmail.com

Re:   DOJ-2018-008172 (DAG)
      VRB:VAV:ERH

Dear Mr. Kamenar:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated and received in this Office on September 4, 2018, in which you requested records pertaining to actions taken by the Deputy Attorney General (DAG) under 28 C.F.R. 600.3 regarding his appointment of Robert S. Mueller, III as Special Counsel (SC) on May 17, 2017, specifically records 1) reflecting SC's agreement with the responsibilities and time commitment, 2) reflecting the DAG's consultation with the Associate Attorney General for Administration "to ensure an appropriate method of appointment" for the SC, 3) pertaining to the "appropriate background investigation" of the SC, 4) pertaining to the "detailed review of ethics and conflicts of interest issues" of the SC, and 5) records regarding the SC's appointment.  This response is made on behalf of the Office of the Deputy Attorney General.

You have requested expedited processing of your request pursuant to the Department's standard involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." See 28 C.F.R. § 16.5(e)(1)(iv) (2017).  Pursuant to Department policy, we directed your request to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard. See id. § 16.5(e)(2). Please be advised the Director has determined that your request for expedited processing should be denied.  Although your request for expedited processing has been denied; it has been assigned to an analyst in this Office and our processing of it has been initiated.

Regarding parts 3 and 4 of your request, for your information, the Department has a decentralized system for processing FOIA requests and each component of the Department maintains its own records.  Accordingly, FOIA requesters need to direct their requests to the Department component(s) they believe have records pertaining to the subjects of their requests. In this instance, as the Federal Bureau of Investigation (FBI) maintains records regarding background investigations, and the Justice Management Division (JMD) maintains human resource information (including ethics reviews) for senior management offices within the Department of Justice, we have forwarded parts 3 and 4 of your request to the FBI and JMD respectively for processing and direct response to you.  Contact information for FBI and JMD may be found in the *Department of Justice Freedom of Information Act Reference Guide*.



-2-

With regard to the remainder of your request, the records you seek require a search in and/or consultation with another Office, and so your request falls within "unusual circumstances." See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V 2017). Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute. We have not yet completed a search to determine whether there are records within the scope of your request. The time needed to process your request will necessarily depend on the complexity of our records search and on the volume and complexity of any material located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Simple requests usually receive a response in about a month, whereas complex requests necessarily take longer. At this time, your request has been assigned to the complex track. In an effort to speed up our records search, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located; or you may wish to await the completion of our records search to discuss either of these options.

We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether fees will be assessed for this request. In your request you agreed to pay fees up to $100 in the event that a fee waiver is not granted.

If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the analyst handing your request, Eric Hotchkiss, by telephone at the above number or you may write to him at the above address. You may also contact our FOIA Public Liaison, Douglas Hibbard, for any further assistance and to discuss any aspect of your request at: Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001; telephone at 202-514-3642; or facsimile at 202-514-1009.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request for expedited processing, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal at https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Vanessa R. Brinkmann
Senior Counsel

EXHIBIT 3

PAUL D. KAMENAR, ESQ.
1629 K Street, N.W., Suite 300
Washington, D.C. 20006
paul.kamenar@gmail.com
(202) 301-257-9435

September 14, 2018

Melanie Ann Pustay
Director
Office of Information Policy (OIP)
U.S. Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, D.C. 20530
VIA Fax: (202) 514-1009 and
E-mail: DOJ.OIP.FOIA@usdoj.gov

Re: **DOJ-2018-008172 (DAG) FREEDOM OF INFORMATION ACT APPEAL OF DENIAL OF REQUEST FOR EXPEDITED PROCESSING**

Dear Director Pustay:

This letter constitutes an appeal of a denial for expedited treatment dated September 13, 2018 of the Freedom of Information Act request (Attachment 1), No. DOJ-2018-008172 (DAG) filed by the National Legal and Policy Center (NLPC) submitted on September 4, 2018 (Attachment 2).

The request for records was limited in scope regarding the appointment of Robert S. Mueller III as Special Counsel by the Deputy Attorney General. As we indicated in our FOIA request:

Because these records are few and readily obtainable since they were created on or about May 17, 2017, this is a "simple" rather than "complex" request and their production should be on a "track one" and thus promptly processed. 28 C.F.R. 16.5(b). Moreover, we hereby request and so certify that this FOIA be expedited and processed within 10 calendar days pursuant to 28 C.F.R. 16.5 (e)(iv) because the records requested are "A matter of widespread and exceptional media interest in which there exist <u>possible questions</u> about the <u>government's integrity that affect public confidence</u>."

There can be no doubt that the circumstances surrounding Mr. Mueller's appointment has generated "widespread and exceptional media interest" and that not just "possible questions," but <u>actual</u> questions, have been raised regarding the "government's integrity that affect public confidence."

1


EXHIBIT 3

On September 13, 2018, Vanessa R. Brinkman, advised that the Director of Public Affairs (OPA) "has determined that [my] request for expedited processing should be denied." She further advised that I may administratively appeal by writing to you as the Director of Information Policy (OIP). This letter constitutes that appeal.

The grounds for the appeal are very simple: the denial was arbitrary and capricious because no reason was given for the denial. See *Motor Vehicles Mfgs. Ass'n v. State Farm Mutual Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (statement of reasons required to connect to agency decision). The decision could have been made with a flip of the coin. It is abundantly clear as stated in our request that Mr. Mueller's appointment as Special Counsel "has generated 'widespread and exceptional media interest' and that not just 'possible questions,' but actual questions, have been raised regarding the "government's integrity that affect public confidence." Therefore, expedited processing is required by DOJ's own regulations. 28 C.F.R. 16.5 (e)(iv).

We hereby reserve all our rights regarding the processing and disposition of our request, including placing this simple request for a handful of documents recently generated on the slower "complex" processing track."

Pursuant to 28 C.F.R. 16.5 (d) (4), we hereby request that this appeal be expedited as well. If you have any questions, please feel free to contact me by email or cell phone.

Sincerely yours,

Paul D. Kamenar, Esq.
Counsel for NLPC
(301) 257-9435

Attachments (as stated)

EXHIBIT 4



**U.S. Department of Justice**

Justice Management Division

*Office of the General Counsel*

---

DEC 2 1 2018                    *Washington, D.C. 20530*

Paul D. Kamenar, Esq.
1629 K Street, NW
Suite 300
Washington, DC 20006
Paul.Kamenar@gmail.com

RE:  JMD FOIA # 113740

Mr. Kamenar:

I am responding on behalf of the Justice Management Division (JMD) to your Freedom of
Information Act (FOIA) request dated September 4, 2018, for "records that provide information
relating to any action taken by the Deputy Attorney General Rod Rosenstein under 28 C.F.R. §
600.3 regarding his appointment of Robert Mueller, III, as Special Counsel."

JMD has completed its search and found one document responsive to your request.  This record
is enclosed. A two-page recommendation memorandum is being withheld in full under
Exemption 5, the deliberative process privilege.

You may contact our FOIA Public Liaison, Karen McFadden, at (202) 514-3101 or at
JMDFOIA@usdoj.gov for any further assistance and to discuss any aspect of your request.
Additionally, you may contact the Office of Government Information Services (OGIS) at the
National Archives and Records Administration to inquire about the FOIA mediation services
they offer.  The contact information for OGIS is as follows: Office of Government Information
Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College
Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-
877-684-6448; or facsimile at 202-741-5769.

EXHIBIT 4

Paul D. Kamenar, Esq.
Page 2

If you are not satisfied with my response to your request, you may administratively appeal by
writing to the Director, Office of Information Policy, United States Department of Justice, Suite
11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an
appeal through OIP's eFOIA portal at https://www.foiaonline.gov/foiaonline/action/public/home.
Your appeal must be postmarked or transmitted electronically within 90 days of the date of the
response to your request.  If you submit your appeal by mail, both the letter and the envelope
should be clearly marked "Freedom of Information Act Appeal."


Sincerely,

Arthur E. Gary
General Counsel

## AUTHORIZATION

Pursuant to 5 CFR 2635.502(d), I hereby authorize Robert Mueller's participation in the investigation into Russia's role in the presidential campaign of 2016 and all matters arising from the investigation.

_____
Scott Schools
Associate Deputy Attorney General

5/18/17
Date

EXHIBIT 4A

EXHIBIT 5

PAUL D. KAMENAR, ESQ.
1629 K Street, N.W., Suite 300
Washington, D.C. 20006
paul.kamenar@gmail.com
(202) 301-257-9435

January 14, 2019

**FREEDOM OF INFORMATION ACT APPEAL**

Melanie Ann Pustay
Director
Office of Information Policy (OIP)
U.S. Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, D.C. 20530
VIA Fax: (202) 514-1009 and
E-mail: DOJ.OIP.FOIA@usdoj.gov

**Re: JMD FOIA #113470**

Dear Director Pustay:

This letter constitutes an appeal of the response dated December 21, 2018, by DOJ's Justice Management Division (JMD) to that part of a FOIA request submitted on September 4, 2018, by the National Legal and Policy Center (NLPC) for "records that provide information relating to any action taken by the Deputy Attorney General Rod Rosenstein under 28 C.F.R. 600.3 regarding his appointment of Robert Mueller III, as Special Counsel."

That response by Arthur Gary, the General Counsel of JMD, is attached hereto as Exhibit 1. The September 4, 2018 FOIA request is attached as Exhibit 2. The DOJ initial response to that FOIA split up items 3 and 4 of the request dealing with ethics requirements under the Special Counsel regulations and forwarded them to the JMD and FBI. Expedited processing of the entire request was denied and an appeal of that denial is pending. See Exhibits 3 and 4.

The JMD released one document (attached as Exhibit 1A), a one-sentence Authorization or waiver given to Robert Mueller on May 18, 2017 by Scott Schools, the then-Associate Deputy Attorney General, under 5 CFR 2635.502(d) for a real or apparent conflict or bias Mueller had with an unidentified person or persons related to the ongoing investigation of Russia's interference with the 2016 election. Specifically, a waiver may be considered under DOJ rules when the official's participation in a matter "would raise a question in the mind of a reasonable person about his impartiality." Id.

1

Notably. that ethics waiver was given the day after Mueller's appointment by Rosenstein, which was the day after Mueller was interviewed on May 16 by President Trump for the FBI Directorship but was not hired.[1]  That incident and at least one other regarding Mueller's alleged dispute with membership dues of one of Trump's golf club in Virginia raised questions of Mueller's personal conflict of interest with Trump.[2]

In addition, questions were raised regarding Mueller's prior employment with a law firm that represented his son-in-law Jared Kushner and Paul Manafort.[3]  And it was only with regard to those potential conflicts with his former law firm that it was reported in the Washington Post on May 23, 2017, that the Justice Department cleared Mueller of any conflict issue.[4]  But this news article seems to suggest something more may have been involved in issuing the waiver since on the very day Mueller was appointed on May 17 (six days before the May 23 news article) the DOJ press release stated that "Special Counsel Mueller has agreed to resign from his private law firm in order to avoid any conflicts of interest with firm clients or attorneys."[5]  This statement suggests that any prior law firm conflict was already resolved the day before the Authorization or waiver was signed on May 18.

There also remains questions regarding Mueller's close relationship with James Comey who was fired by President Trump on May 9, 2017 and whose very firing is under investigation by Mueller.  Moreover, Rosenstein himself is deeply conflicted because he reviewed a draft

---

[1] CNN, *"Trump interviewed Mueller for FBI job day before he was tapped for special counsel"*, (June 13, 2017).
https://www.cnn.com/2017/06/13/politics/trump-robert-mueller-fbi-director-interview/index.html

[2] See  https://abcnews.go.com/beta-story-container/Politics/president-trump-claims-nasty-contentious-relationship-mueller-amounts/story?id=56914885

[3] Matea Gold, *"Justice Dept. to review possible ethics conflicts involving Mueller's former law firm."* Washington Post (May 18, 2017).
https://www.washingtonpost.com/politics/justice-department-will-review-possible-ethics-conflicts-involving-muellers-former-law-firm/2017/05/18/fff63f00-3bfa-11e7-a058-ddbb23c75d82_story.html?utm_term=.0c0887ab3eb4

[4] Matt Zapotosky, *"Justice Department ethics experts clear Mueller to lead Russia probe,"* Washington Post,(May 23, 2017) https://www.washingtonpost.com/world/national-security/justice-dept-ethics-experts-approve-muellers-leadership-of-russia-probe/2017/05/23/3e19cf46-3fc4-11e7-adba-394ee67a7582_story.html

[5] https://www.justice.gov/opa/pr/appointment-special-counsel

memo by Trump and Stephen Miller in the oval office the day before on May 8 why Comey should be fired, which was thought to be inappropriate by White House senior staff.[6]

Accordingly, shortly thereafter, Rosenstein wrote his May 9 memo justifying the firing of Comey on that same day, but based its reasoning solely on the way Comey mishandled the Hillary Clinton email investigation.

And when Trump later stated in an interview with Lester Holt that his firing of Comey was related to the Russia investigation, Rosenstein was reported to be "shaken" and very upset with Trump for publicly revealing that Rosenstein was being used to issue a pretextual reason justifying the Comey firing, even though Rosenstein apparently knew that his memo was to serve that purpose by writing it in the first place having reviewed the draft Trump-Miller letter the day before and found it inappropriate.[7]

Yet, when questioned by Congress a year later on June 28, 2018, regarding any conflict Mueller may have had, Rod Rosenstein cryptically testified:

> "**If** there were any conflicts of interest that were brought to our attention, I would discuss with Mr. Mueller, and then **there could be review** within the department, **if there were a credible allegation of a conflict of interest** . . . . And so I'm not aware of any disqualifying conflict of interest."

https://abcnews.go.com/Politics/president-trump-claims-nasty-contentious-relationship-mueller-amounts/story?id=56914885 (emphasis added).

But in order for Mueller to be given a waiver, there must first be a finding that there is a real or apparent bias or conflict of interest, in which case, Rosenstein was indeed aware of such conflicts, including that Mueller may need to interview Rosenstein himself as a witness to the Comey firing.

The grounds for granting a waiver for real or apparent conflict or bias under DOJ rules may include:

(1) The nature of the relationship involved;

(2) The effect that resolution of the matter would have upon the financial interests of the person involved in the relationship;

---

[6] https://www.washingtonpost.com/politics/mueller-examining-trumps-draft-letter-firing-fbi-director-comey/2017/09/01/52c6cd8e-8f17-11e7-8df5-c2e5cf46c1e2_story.html?utm_term=.020d35c9f5e7

[7] Michael S. Schmidt, " 'Shaken' Rosenstein Felt Used by White House in Comey Firing", New York Times (June 29, 2018).  https://www.nytimes.com/2018/06/29/us/politics/rod-rosenstein-comey-firing.html

(3) The nature and importance of the employee's role in the matter, including the extent to which the employee is called upon to exercise discretion in the matter;

(4) The sensitivity of the matter;

(5) The difficulty of reassigning the matter to another employee; and

(6) Adjustments that may be made in the employee's duties that would reduce or eliminate the likelihood that a reasonable person would question the employee's impartiality.

Id.   However, the undated two-page memorandum recommending the ethics waiver for Mueller was withheld in full by JMD under FOIA Exemption 5, the deliberative process privilege. Accordingly, we hereby appeal the withholding of that memorandum for a number of reasons.

In the first place, the invocation of Exemption 5 is not required by law but is discretionary on the part of the agency.  The presumption is that such pre-decisional documents should be released to the public for transparency sake.

This policy of transparency was codified by the 2016 amendments to FOIA which requires the agency to justify invoking a discretionary exemption in response to past practice where agencies routinely abused their discretion by unnecessarily withholding such documents from the public:

5 USC 552 (a)(8)(A) An agency shall –

(i) withhold information under this section only if –

(I) the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or

(II) disclosure is prohibited by law; and

(ii)(I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and

(II) take reasonable steps necessary to segregate and release nonexempt information…

Id. (emphasis added).

The matter of Mueller's conflicts and the waiver he obtained is indeed a matter of great public interest.  The one-sentence waiver does not specify what conflict or bias Mueller was found to possess.  Nor does it specify which of the six factors under the regulations were invoked to justify the waiver of the ethics problem.  That information is likely spelled out in the two-page memo that is being withheld and would reveal whether the waiver was justified or whether it was

an after-the-fact fait accompli waiver that needed to be issued lest Rosenstein's appointment of Mueller as Special Counsel was found to be premature or inappropriate.

The mere invocation of Exemption 5 in the December 21, 2018 denial letter makes no finding that disclosure "would harm" the interest protected by Exemption 5. For that reason alone, the denial was arbitrary, capricious, and contrary to law under the APA.

Moreover, even if a document is pre-decisional, courts have upheld a distinction between "materials reflecting deliberative or policy-making process on the one hand, and purely factual, investigative matters on the other," the exemption protects the former, not the latter. EPA v. Mink, 410 U.S. 73, 89 (1973). Those portions of a document which are not exempt must be disclosed unless they are "inextricably intertwined" with the exempt portions. Ryan v. Dept. of Justice, 617 F. 2d 781, 790-91 (D.C. Cir. 1980).

While we maintain the full two-page memo should be released, surely there are segregable portions that can be released that will not harm the alleged deliberative process. For example, the date of the memo, its author and recipients are not covered by the exemption. No exemption for personal privacy under (b)(6) was invoked in the denial. There may likely be factual statements or portions thereof in the memo as distinguished from deliberative statements that are also non-exempt and should be disclosed.

## CONCLUSION

In short, for the foregoing reasons, the public interest outweighs any interest that DOJ has (but not yet articulated) in keeping the memo secret under Exemption 5 and should be released in its entirety. Alternatively, all nonexempt information must be segregated and disclosed. While we appreciate that processing this appeal may be delayed due to the partial government shutdown, we request that it be expedited considering the important public interest in the matter.

If you have any questions, please feel free to contact me by email or cell phone.

Sincerely yours,

Paul D. Kamenar, Esq.
Counsel for NLPC
(301) 257-9435

Attachments (as stated)



**U.S. Department of Justice**

Justice Management Division

*Office of the General Counsel*

DEC 2 1 2018                               *Washington, D.C. 20530*

Paul D. Kamenar, Esq.
1629 K Street, NW
Suite 300
Washington, DC 20006
Paul.Kamenar@gmail.com

RE:  JMD FOIA # 113740

Mr. Kamenar:

I am responding on behalf of the Justice Management Division (JMD) to your Freedom of Information Act (FOIA) request dated September 4, 2018, for "records that provide information relating to any action taken by the Deputy Attorney General Rod Rosenstein under 28 C.F.R. § 600.3 regarding his appointment of Robert Mueller, III, as Special Counsel."

JMD has completed its search and found one document responsive to your request.  This record is enclosed. A two-page recommendation memorandum is being withheld in full under Exemption 5, the deliberative process privilege.

You may contact our FOIA Public Liaison, Karen McFadden, at (202) 514-3101 or at JMDFOIA@usdoj.gov for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

EXHIBIT 1

Paul D. Kamenar, Esq.
Page 2

If you are not satisfied with my response to your request, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's eFOIA portal at https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or transmitted electronically within 90 days of the date of the response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."


Sincerely,

Arthur E. Gary
General Counsel

## AUTHORIZATION

Pursuant to 5 CFR 2635.502(d), I hereby authorize Robert Mueller's participation in the investigation into Russia's role in the presidential campaign of 2016 and all matters arising from the investigation.

_____
Scott Schools
Associate Deputy Attorney General

5/18/17
_____
Date

EXHIBIT 1A

PAUL D. KAMENAR, ESQ.
1629 K Street, N.W., Suite 300
Washington, D.C. 20006
paul.kamenar@gmail.com
(202) 301-257-9435

September 4, 2018

Via DOJ FOIA online portal and e-mail
Douglas Hibbard
Chief, Initial Request Staff
Office of Information Policy
Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, D.C. 20530-0001

Sarah Isgur Flores
Director, Office of Public Affairs
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Re: FREEDOM OF INFORMATION ACT REQUEST- EXPEDITED PROCESSING
REQUESTED

Dear Mr. Hibbard and Ms. Flores:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. 552, *et seq.* and Justice Department FOIA regulations, 28 C.F.R. 16.1-16.11, the National Legal and Policy Center (NLPC), a nonprofit public interest organization that promotes ethics in public life through research, investigation, education and legal action, hereby requests, through its undersigned counsel, the following documents:

All records, including emails, texts, memoranda, orders, correspondence, and other documents, including all electronic records that provide information relating to any actions taken by the Deputy Attorney General Rod Rosenstein under 28 C.F.R. 600.3 regarding his appointment of Robert S. Mueller, III, as Special Counsel on May 17, 2017.

Specifically, in particular, 28 CFR 600.3 (a) provides that "Special Counsels shall agree that their responsibilities as Special Counsel take first precedence in their professional lives, and that it may be necessary to devote their full time to the investigation, depending on its complexity and the stage of the investigation."

1

EXHIBIT 2

1. Please provide all records reflecting Special Counsel's "agree[ment]" with the responsibilities and time commitment specified in Section 600.3.

In addition, 28 CFR 600.3(b) provides as follows:

(b) The Attorney General shall consult with the Assistant Attorney General for Administration to ensure an appropriate method of appointment, and to ensure that a Special Counsel undergoes an appropriate background investigation and a detailed review of ethics and conflicts of interest issues. A Special Counsel shall be appointed as a "confidential employee" as defined in 5 U.S.C. 7511(b)(2)(C).

2. Please provide all records reflecting the Deputy Attorney General's "consult[ation]" with the Assistant Attorney General for Administration "to ensure an appropriate method of appointment" for Special Counsel Mueller.

3. Please provide all records relating to the "appropriate background investigation" of Special Counsel Mueller.

4. Please provide all records relating to the "detailed review of ethics and conflicts of interest issues" that Special Counsel "under[went]."

5. Please provide all records regarding Mueller's "appointment as a 'confidential employee' as defined in 5 USC 7511(b)(2)(C)."

Because these records are few and readily obtainable since they were created on or about May 17, 2017, this is a "simple" rather than "complex" request and their production should be on a "track one" and thus promptly processed.  28 C.F.R. 16.5(b).  Moreover, we hereby request and so certify that this FOIA be expedited and processed within 10 calendar days pursuant to 28 C.F.R. 16.5 (e)(iv) because the records requested are "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."

There can be no doubt that the circumstances surrounding Mr. Mueller's appointment has generated "widespread and exceptional media interest" and that not just "possible questions," but actual questions, have been raised regarding the "government's integrity that affect public confidence."

These questions include, but are not limited to, the lawfulness of his appointment under the Appointments Clause as evidenced by views of scholars, commentators, and ongoing litigation supported by NLPC challenging Mueller's appointment; the timing of his appointment in that he was appointed on May 17, 2017, only one day after he met with the President to be considered as a replacement for James Comey as FBI Director; and his possible "conflict of interests" which have been raised by the President, Members of Congress, and the media.  Those conflicts of interest include but are not limited to his close relationship with former FBI Director James Comey fired by the President, a firing which triggered Mueller's investigation, and Mueller's alleged dispute with the President regarding his membership fees at golf club in

Virginia owned by the President. *See* https://www.weeklystandard.com/eric-felten/does-robert-muller-have-a-conflict-of-interest.

If any part of the records requested are withheld under any FOIA exemption, NLPC requests that the non-exempt portion of the document be released and that a *Vaughn v. Rosen* index be prepared to justify the withholding of any documents or portions thereof.

In addition, NLPC requests that any search and copy fees be waived inasmuch as NLPC is a non-profit public interest organization, has written about the Mueller investigation, has supported litigation challenging the constitutionality of his appointment, and will publish on its website and distribute the documents produced to the national media.  See www.nlpc.org. The release of these records are in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester.

In any event, NLPC is prepared to pay $100 search and copy costs but reserve the right to appeal their imposition.

If you have questions regarding this request, please contact the undersigned by email at paul.kamenar@gmail.com or by cell phone at 202-603-5397 since time is of the essence.

## CERTIFICATION

I hereby certify that this FOIA request satisfies the requirement of expedited treatment pursuant to 28 C.F.R. and should be processed within 10 calendar days pursuant to 28 C.F.R. 16.5 (e)(iv) because the records requested are "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence" and  because they are few in number and readily found.

*/s/Paul D. Kamenar*
Paul D. Kamenar, Esq.
Counsel for NLPC

3



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

September 13, 2018

Mr. Paul Kamenar
National Legal and Policy Center
1629 K Street, NW, Suite 300
Washington, DC 20006
paul.kamenar@gmail.com

Re:     DOJ-2018-008172 (DAG)
        VRB:VAV:ERH

Dear Mr. Kamenar:

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated and received in this Office on September 4, 2018, in which you requested records pertaining to actions taken by the Deputy Attorney General (DAG) under 28 C.F.R. 600.3 regarding his appointment of Robert S. Mueller, III as Special Counsel (SC) on May 17, 2017, specifically records 1) reflecting SC's agreement with the responsibilities and time commitment, 2) reflecting the DAG's consultation with the Associate Attorney General for Administration "to ensure an appropriate method of appointment" for the SC, 3) pertaining to the "appropriate background investigation" of the SC, 4) pertaining to the "detailed review of ethics and conflicts of interest issues" of the SC, and 5) records regarding the SC's appointment. This response is made on behalf of the Office of the Deputy Attorney General.

You have requested expedited processing of your request pursuant to the Department's standard involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." *See* 28 C.F.R. § 16.5(e)(1)(iv) (2017). Pursuant to Department policy, we directed your request to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard. *See* id. § 16.5(e)(2). Please be advised the Director has determined that your request for expedited processing should be denied. Although your request for expedited processing has been denied; it has been assigned to an analyst in this Office and our processing of it has been initiated.

Regarding parts 3 and 4 of your request, for your information, the Department has a decentralized system for processing FOIA requests and each component of the Department maintains its own records. Accordingly, FOIA requesters need to direct their requests to the Department component(s) they believe have records pertaining to the subjects of their requests. In this instance, as the Federal Bureau of Investigation (FBI) maintains records regarding background investigations, and the Justice Management Division (JMD) maintains human resource information (including ethics reviews) for senior management offices within the Department of Justice, we have forwarded parts 3 and 4 of your request to the FBI and JMD respectively for processing and direct response to you. Contact information for FBI and JMD may be found in the *Department of Justice Freedom of Information Act Reference Guide*.

EXHIBIT 3

With regard to the remainder of your request, the records you seek require a search in and/or consultation with another Office, and so your request falls within "unusual circumstances." See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii) (2012 & Supp. V 2017). Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute. We have not yet completed a search to determine whether there are records within the scope of your request. The time needed to process your request will necessarily depend on the complexity of our records search and on the volume and complexity of any material located. For your information, this Office assigns incoming requests to one of three tracks: simple, complex, or expedited. Each request is then handled on a first-in, first-out basis in relation to other requests in the same track. Simple requests usually receive a response in about a month, whereas complex requests necessarily take longer. At this time, your request has been assigned to the complex track. In an effort to speed up our records search, you may wish to narrow the scope of your request to limit the number of potentially responsive records or agree to an alternative time frame for processing, should records be located; or you may wish to await the completion of our records search to discuss either of these options.

We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether fees will be assessed for this request. In your request you agreed to pay fees up to $100 in the event that a fee waiver is not granted.

If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the analyst handing your request, Eric Hotchkiss, by telephone at the above number or you may write to him at the above address. You may also contact our FOIA Public Liaison, Douglas Hibbard, for any further assistance and to discuss any aspect of your request at: Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001; telephone at 202-514-3642; or facsimile at 202-514-1009.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request for expedited processing, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal at https://www.foiaonline.gov/foiaonline/action/public/home. Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Vanessa R. Brinkmann
Senior Counsel

PAUL D. KAMENAR, ESQ.
1629 K Street, N.W., Suite 300
Washington, D.C. 20006
paul.kamenar@gmail.com
(202) 301-257-9435

September 14, 2018

Melanie Ann Pustay
Director
Office of Information Policy (OIP)
U.S. Department of Justice
Suite 11050
1425 New York Avenue, N.W.
Washington, D.C. 20530
VIA Fax: (202) 514-1009 and
E-mail: DOJ.OIP.FOIA@usdoj.gov

Re: **DOJ-2018-008172 (DAG)** FREEDOM OF INFORMATION ACT APPEAL OF DENIAL
OF REQUEST FOR EXPEDITED PROCESSING

Dear Director Pustay:

This letter constitutes an appeal of a denial for expedited treatment dated September 13, 2018 of the Freedom of Information Act request (Attachment 1), No. DOJ-2018-008172 (DAG) filed by the National Legal and Policy Center (NLPC) submitted on September 4, 2018 (Attachment 2).

The request for records was limited in scope regarding the appointment of Robert S. Mueller III as Special Counsel by the Deputy Attorney General. As we indicated in our FOIA request:

Because these records are few and readily obtainable since they were created on or about May 17, 2017, this is a "simple" rather than "complex" request and their production should be on a "track one" and thus promptly processed. 28 C.F.R. 16.5(b). Moreover, we hereby request and so certify that this FOIA be expedited and processed within 10 calendar days pursuant to 28 C.F.R. 16.5 (e)(iv) because the records requested are "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."

There can be no doubt that the circumstances surrounding Mr. Mueller's appointment has generated "widespread and exceptional media interest" and that not just "possible questions," but actual questions, have been raised regarding the "government's integrity that affect public confidence."

EXHIBIT 4

On September 13, 2018, Vanessa R. Brinkman, advised that the Director of Public Affairs (OPA) "has determined that [my] request for expedited processing should be denied." She further advised that I may administratively appeal by writing to you as the Director of Information Policy (OIP). This letter constitutes that appeal.

The grounds for the appeal are very simple: the denial was arbitrary and capricious because no reason was given for the denial. See *Motor Vehicles Mfgs. Ass'n v. State Farm Mutual Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (statement of reasons required to connect to agency decision). The decision could have been made with a flip of the coin. It is abundantly clear as stated in our request that Mr. Mueller's appointment as Special Counsel "has generated 'widespread and exceptional media interest' and that not just 'possible questions,' but underline actual questions, have been raised regarding the "government's integrity that affect public confidence." Therefore, expedited processing is required by DOJ's own regulations. 28 C.F.R. 16.5 (e)(iv).

We hereby reserve all our rights regarding the processing and disposition of our request, including placing this simple request for a handful of documents recently generated on the slower "complex" processing track."

Pursuant to 28 C.F.R. 16.5 (d) (4), we hereby request that this appeal be expedited as well. If you have any questions, please feel free to contact me by email or cell phone.

Sincerely yours,

Paul D. Kamenar, Esq.
Counsel for NLPC
(301) 257-9435

Attachments (as stated)

2